TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jeremy Klein

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Jeremy Klein, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Hyundai Capital America d/b/a Hyundai Motor Finance,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE TELEPHONE CONSUMER PROTECTION ACT;**<br><br>**JURY TRIAL DEMANDED** |

For his Class Action Complaint, Plaintiff, Jeremy Klein, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Plaintiff, Jeremy Klein ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Hyundai Capital America d/b/a Hyundai Motor Finance ("Hyundai" or "Defendant").  Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Hyundai is a California-based corporation which "provides a full range of auto finance and leasing solutions to Hyundai customers, both individuals and businesses."  *See* https://www.hmfusa.com/about-us (last visited July 15, 2016).  It is "committed to helping customers join the Hyundai family, and to creating the best possible ownership experience." *See id.*

3.      However, Plaintiff does not own a Hyundai vehicle, has not inquired about purchasing a Hyundai vehicle, and is not interested in joining "the Hyundai family."

4.      Nevertheless, for the last several years, Plaintiff has received automated calls to his cellular telephone from Hyundai regarding some other unknown individual.  Plaintiff did not provide Hyundai his cell phone number or prior express consent to be contacted there.  Moreover, Plaintiff requested that Hyundai cease

2

calling him on multiple occasions.  Hyundai ignored Plaintiff's requests and continued calling him.  He brings this lawsuit on behalf of himself and like-situated consumers for Hyundai's straightforward violations of the TCPA.

## PARTIES, JURISDICTION, AND VENUE

5.     Plaintiff is and at all times mentioned herein was an individual person residing in Lake Stevens, Washington.

6.     Hyundai is a California corporation with an address of 3161 Michelson Drive, Suite 1900, Irvine, California 92612.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §1331.

8.     Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Hyundai resides and is incorporated here and a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

9.     In the last four years, Hyundai placed automated telephone calls to Plaintiff on his cellular telephone at telephone number 425-XXX-5457 regarding another individual, "Christine," who Plaintiff does not know.

10.     Hyundai called Plaintiff from telephone number 800-523-7020.

11.     At all times mentioned herein, Hyundai called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

12.     When Plaintiff answered the calls from Hyundai, he heard an extended

period of silence before the calls would be routed to a live agent.  This is indicative of Hyundai's use of a "predictive dialer," an autodialer under the TCPA.

13.     Plaintiff does not own a Hyundai vehicle.  Plaintiff has never sought or obtained vehicle financing with Hyundai.  Nor has Plaintiff ever inquired about the purchase of a vehicle with Hyundai.  Plaintiff did not give his telephone number to Hyundai or permit anyone else to do so.  Plaintiff did not provide prior express consent to Hyundai to autodial his cellular telephone.  Accordingly, the automated calls placed by Hyundai to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

14.     Plaintiff was annoyed, frustrated, and inconvenienced by Hyundai's calls.

15.     The telephone number called by Hyundai was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16.     The calls from Hyundai to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLASS ALLEGATIONS

**A. <u>The Class</u>**

17.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following class (the "Class"):

> **<u>TCPA Class</u>: (1) All persons in the United States (2) to whose cellular telephone number (3) Hyundai placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) where Hyundai did not have express consent to call said cellular telephone number.**

18.     Plaintiff represents and is a member of the Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

**B. <u>Numerosity</u>**

19.     Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Hyundai and the automated nature of the calls, Plaintiff reasonably believes that the Class number is in the thousands.

20.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

## C. Common Questions of Law and Fact

21.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

      i.   Whether Hyundai engaged in a pattern of using an autodialer to place calls to cellular phones;

      ii.   Whether Hyundai had prior express consent to place the calls; and

      iii.   Whether Hyundai willfully violated the TCPA.

22.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Hyundai routinely places automated calls to telephone numbers assigned to cellular telephone services without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## D. Typicality

23.    As a person who received automated telephone calls from Hyundai on his cellular phone without having given prior express consent, and who advised Hyundai to cease calling, Plaintiff asserts claims that are typical of the members of the Class.

## E. Protecting the Interests of the Class Members

24.    Plaintiff will fairly and adequately protect the interests of the Class and

6

has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding via Class Action is Superior and Advisable**

25. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Hyundai is small because it is not economically feasible for Class members to bring individual actions.

26. Management of this class action is unlikely to present any difficulties. Courts have routinely certified classes in TCPA actions. These cases include, but are not limited to: *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (granting TCPA class certification and finding that "[w]ithout the prospect of a class action suit, corporations balancing the costs and benefits of violating the TCPA are unlikely to be deterred because individual claims will not impose the level of liability that would outweigh the potential benefits of violating the statute"); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 400 (M.D.N.C. 2015); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 256 (N.D. Ill. 2014); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

27. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with

respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

28.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29.     Plaintiff brings this claim on behalf of himself and the Class.

30.     Hyundai made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

31.     Hyundai has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

32.     Each of the aforementioned calls by Hyundai constitutes a violation of the TCPA.

33.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

34.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

35.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer; and

- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Plaintiff brings this claim on behalf of himself and the Class.

38.     Hyundai made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

39.     Hyundai has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an

9

artificial or prerecorded voice."

40.     Each of the aforementioned calls by Hyundai constitutes a willful violation of the TCPA.

41.     Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

42.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

43.     Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Class;

- Defendant knowingly and/or willfully obtained the telephone numbers of non-debtors;

- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and

- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

      A.     Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

      B.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

      C.     Declaratory relief as prayed for herein; and

      E.     Such other relief as the Court deems just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  August 9, 2016          TRINETTE G. KENT

                       By:  */s/  Trinette G. Kent*
                       Trinette G. Kent, Esq.
                       Lemberg Law, LLC
                       Attorney for Plaintiff, Jeremy Klein