| | |
|---|---|
| TRINETTE G. KENT (State Bar No. 222020)<br>3219 East Camelback Road, #588<br>Phoenix, AZ 85018<br>Telephone: (480) 247-9644<br>Facsimile: (480) 717-4781<br>Email: tkent@lemberglaw.com<br><br>Stephen F Taylor (*PHV*)<br>LEMBERG LAW LLC<br>43 Danbury Road<br>Wilton, CT 06897<br>Telephone: (203) 653-2250<br>Facsimile: (203) 653-3424<br>Email: staylor@lemberglaw.com<br><br>Attorneys for Plaintiff,<br>Jeremy Klein | John P. Boyle  (*PHV*)<br>Terese A. West (*PHV*)<br>MOSS & BARNETT<br>A Professional Association<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN  55402<br>Telephone:  (612) 877-5000<br>Facsimile:  (612) 877-5999<br>Email:  john.boyle@lawmoss.com;<br>west@lawmoss.com<br><br>Christopher D. Holt, Bar No. 228399<br>KLINEDINST PC<br>5 Hutton Centre Drive, Suite 1000<br>Santa Ana, California 92707<br><br>Attorneys for Defendant,<br>Hyundai Capital America,<br>d/b/a Hyundai Motor Finance |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Jeremy Klein,<br><br>    Plaintiff,<br><br>vs.<br><br><br>Hyundai Capital America d/b/a Hyundai Motor Finance,<br><br>    Defendant. | Case No.: 8:16-cv-01469-JLS-JCG<br><br>**STIPULATION OF DISMISSAL** |

Plaintiff Jeremy Klein and defendant Hyundai Capital America, doing business as Hyundai Motor Finance ("HCA"), by and through their undersigned counsel, submit this Stipulation of Dismissal pursuant to the Court's Order Regarding Stipulation to Dismiss Case (ECF No. 61).

A copy of the parties' Settlement Agreement and General Release ("Settlement Agreement") dated as of July 25, 2017, is attached as <u>Exhibit A</u> and filed under seal. *Id.*

The parties hereby stipulate and agree as follows:

1. Plaintiff filed his class action complaint on August 9, 2016. The proposed class has not been certified. The parties resolved this putative class action on an individual basis under the terms and conditions set forth in the Settlement Agreement. *See* <u>Exhibit A</u>.

2. "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to pre-certification settlement proposals"). The purpose of analyzing these so-called *Diaz* factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of*

*America, NA,* No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

3. As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action. Media attention regarding the action has been sparse. Shortly after the action was filed, two articles were published: the first on August 10, 2016, on a legal website, and the second on August 15, 2016, on a consumer-information website.[1] The latter article appears to have received only one comment, dated August 17, 2016. In addition, plaintiff's counsel maintained a case specific website,[2] which has since been deactivated. Plaintiff is not aware of any other media attention and has not received any inquiries from consumers regarding the action.

4. As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual or class claims based on the same facts and circumstances. *See, e.g.*, *Resh v. China Agritech, Inc.*, 857 F.3d 994, 1005 (9th Cir. 2017). Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed his class action complaint.

5. As to the third *Diaz* factor, the Settlement Agreement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class. The settlement is structured as an individual resolution of plaintiff's claims. Plaintiff ultimately did not seek to serve as a class representative, nor was he certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims. The terms and conditions of the Settlement

---

[1] *See* https://www.law360.com/articles/826802/hyundai-motor-finance-hit-with-tcpa-class-action (last visited September 5, 2017); https://topclassactions.com/lawsuit-settlements/lawsuit-news/341992-hyundai-class-action-alleges-tcpa-auto-dial-violations (last visited Sep. 5, 2017).

[2] https://www.lemberglaw.com/klein-v-hyundai-capital-america/.

Agreement did not release claims of unnamed putative class members nor prejudice their rights. *See, e.g.*, Exhibit A ¶ 6.

6. Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement Agreement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing plaintiff's class claims without prejudice.

Dated: September 11, 2017

| Plaintiff | Defendant |
|---|---|
| /s/ Stephen F. Taylor<br>Stephen Taylor<br>Attorney for Plaintiff | /s/ Terese A. West<br>John P. Boyle, (*pro hac vice*)<br>Terese A. West (*pro hac vice*)<br>MOSS & BARNETT<br>A Professional Association<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402 |
| Plaintiff | |
| /s/ Trinette G. Kent<br>Trinette G. Kent<br>Attorney for Plaintiff | Christopher D. Holt, Bar No. 228399<br>KLINEDINST PC<br>5 Hutton Centre Drive, Suite 1000<br>Santa Ana, California 92707<br>Attorneys for Defendant |

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

    I HEREBY CERTIFY that on September 11, 2017, a copy of the foregoing Stipulation of Dismissal was served electronically by the U.S. District Court Central District of California Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                        By:   /s/   Terese A. West
                            Terese A. West, Esq.
                            MOSS & BARNETT
                            A Professional Association
                            Attorneys for Defendant